**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**VETONIA L. SMITH
o/b/o BOBBY A. SMITH**                                                                                    **PLAINTIFF**

**V.**                                  **NO. 4:06CV00876 JLH-HDY**

**JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration**                                                              **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District

>    Judge (if such a hearing is granted) was not offered at the
>    hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the
>    hearing before the District Judge in the form of an offer of
>    proof, and a copy, or the original, of any documentary or
>    other non-testimonial evidence desired to be introduced at
>    the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

The defendant has moved to dismiss the complaint as being time barred for failure to commence within 60 days of notice to plaintiff of the final decision by the Commissioner of the Social Security Administration.

The controlling statute, in pertinent part, specifies:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . .

42 U.S.C. ' 405(g) (1995).

"No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. ' 405(h) (1995).

This timely filing requirement is a statute of limitations and as such will bar suit unless it is

2

tolled. *Bowen v. City of New York*, 476 U.S. 467 (1986); *Caran v. Bowen*, 834 F.2d 720, 721 (8th Cir. 1988).

Defendant has filed the affidavit of an appropriate Social Security Administration official showing that the complaint was filed outside the allowable time period. Also attached is a copy of the notice sent to plaintiff after the decision of the Appeals Council. It specifies the period of time within which a further appeal must be taken:

> If you desire a review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made. . . . .
>
> If you cannot file your complaint within 60 days, you may ask the Appeals Council to extend the time in which you may begin a civil action. However, the Council will only extend the time if you provide a good reason for not meeting the deadline. Your reason(s) must be set forth clearly in your request.

In this instance, the Administrative Law Judge (ALJ) denied the plaintiff's claim for benefits on November 22, 2005. The plaintiff requested review of the ALJ's decision, and the Appeals Council notified the plaintiff on March 20, 2006, that it had acted on the review and that the plaintiff had the right to commence a civil action within sixty days from the date of receipt. Assuming the notice was received five days after sent, the plaintiff should have filed her lawsuit on or before May 25, 2006. On June 15, 2006, the Appeals Council granted plaintiff's request for an extension of time, allowing an additional thirty days from the date of the receipt of the notice. Again assuming the notice was received five days after sent[1], the plaintiff should have

---

[1] Both the original notice from the Appeals Council and the notice extending time to file a suit state, "We assume that you received this letter 5 days after the date on it unless you show us that you did

filed her lawsuit on or before July 20, 2007. The plaintiff filed this action on July 27, 2006.

The plaintiff has not responded to the motion to dismiss filed by the defendant. The Court notes that there are circumstances which might toll the limitations period and excuse the otherwise tardy filing.

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way." *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." *Larson v. American Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979).

*Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

Principles of equitable tolling do not extend to garden variety cases involving excusable neglect. *Arigo v. United States*, 980 F.2d 1159, 1162 (8th Cir. 1992), *citing Irwin v. Veterans Admin.*, 498 U.S. 89 (1990).

This is not a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. at 480.

This action was not timely filed, and it is therefore barred.

We recommend the defendant's motion to dismiss be granted and the case dismissed.

---

not receive it within the 5-day period." See docket entry no. 9, pp. 18 and 20.

IT IS SO ORDERED this _7_ day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE